USCA No. 14-35399

In the United States Court of Appeals for the Ninth Circuit

| | |
|---|---|
| PAMELA K. STATON,<br><br>    Plaintiff-Appellant,<br><br>    v.<br><br>BANK OF AMERICA (BAC) HOME LOAN SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMNS (MERS);  RECONTRUST COMPANY, NA, a subsidiary of BAC, NA, and "also all other persons or parties unknown claiming any right, title, lien, or interest in the property described in the complaint herein", including without limitation all assignees and/or successor trustee(s),<br><br>    Defendants-Appellees. | USCA No. 14-35399<br><br>(From Oregon District No. 6:10-cv-01306-PA) |

APPELLANT'S REPLY BRIEF

Appeal from the judgment and order of the United States District Court for Oregon, Judge Panner.

Date of Judgment:  May 6, 2014.

Notice of Appeal Filed:  May 7, 2014.

Continued, next page                                                                                    February, 2015

Russell L. Baldwin, OSB 891890
PO Box 1242
Lincoln City, OR 97367
Cellular 541.992.4254
Email
Baldwin_atty@embarqmail.com
Attorney for Plaintiff-Appellant.

Author of Appellant's Brief.
Certificate of compliance appears on the last page.

Peter D. Hawkes, OSB 071986
Pilar C. French, OSB 962880
Robert E. Maloney, Jr., OSB 670856
Anthony M. Stark, OSB 122633
LEAD ATTORNEY
Email: starka@lanepowell.com
Lane Powell, PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204-3158
Tel. 503.778.2200

TABLE OF CONTENTS

| | |
|---|---|
| Table of Authorities. | ii |
| PLAINTIFF'S REPLY BRIEF. | 1 |
| Jurisdictional statement (accepted by defendants). | 1 |
| Issues presented. | 1 |
| Summary of Argument. | 2 |
| Argument in Reply. | 2 |
|    A. Staton stated a claim of invalid encumbrance for which relief can be granted. | 2 |
|       1. District court's error is material. | 3 |
|       2. There are no heightened pleading requirements to state a statutory claim for invalid encumbrance. | 6 |
|       3. The term of art "encumbrance" is to be given as broad a meaning as possible to afford a remedy as expressly intended by the Oregon legislature. Staton sufficiently alleged invalid encumbrances to afford a statutory remedy under Oregon law, consistently with proffered legislative history. | 7 |
|    B. Staton's claims under the Uniform Declaratory Judgment Act are justiciable. | 8 |
|       1. There is an actual controversy between Staton and defendants concerning Staton's statutory claims. | 11 |
|       2. Staton's declaratory judgment claims are not mooted by defendants' election to seek judicial foreclosure. | 11 |
|       3. Staton's declaratory judgment claims are capable of repetition in defendants' subsequent judicial proceedings. | 11 |
|    C. The district court erred by dismissing plaintiff's claims after determining it lacked subject matter jurisdiction under the United State Constitution. | 12 |
| CONCLUSION. | 13 |

## TABLE OF AUTHORITIES

| Federal Rules of Civil Procedure | Reply Brief, Page | Op. Br. Add.- |
|---|---|---|
| FRCP 8(a) | 3 | -28 |
| FRCP 12 b(2) | 4 | -29 |
| FRCP 41(b) | 12 | -31 |
| | | |
| **Federal Rules of Appellate Procedure** | | |
| FRAP 28 (b)(2) | 1 | -- |
| | | |
| **Oregon Revised Statutes ("ORS")** | Brief page | Op. Br. Add.- |
| ORS 28.010 to ORS 28.160 ("UDJA") | 8, 9 | -3 to -4 |
| ORS 28.120 | 9 | -4 |
| | | |
| ORS 205.450 to ORS 205.470 | 3, 6, 8, 13 | -8 to -12 |
| ORS 205.470 | 3, 6, 10 | -12 |
| | | |
| **Oregon Senate Bill 628 (2009)** | 11 | -13 to -23 |

| Cases, Alphabetical | Page |
|---|---|
| *In re Dahl's Estate*, 196 Or. 249, 254, 248 P.2d 700, 702, 32 A.L.R.2d 965 (1952). | 10 |
| *Erie Railroad Co. v. Thompkins*, 58 S.Ct. 817, 304 U.S. 64, 82 L.Ed. 1188 (1938). | 3 |
| *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). | 12 |
| *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 875 (9th Cir. 2012). | 4 |
| *State v. Gaines*, 346 Or. 160, 171-173, 206 P.3d 1042 (2009). | 7 |
| *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). | 4, 5 |
| *Tillamook County v. State by and through State Board of Forestry*, 302 Or. 404, 413-414, 730 P.2d 1214, 1219 (1987). | 9 |

PLAINTIFF'S REPLY BRIEF.

<u>Jurisdictional statement accepted by defendants</u>.  *Ans. Br.* at 1.

<u>Issues Presented</u>.  Defendants attempt to reframe the issues presented here. FRAP 28 (b)(2).  But defendants have not filed a cross-appeal, nor have they cross-assigned error to any of the district court's rulings below.  The parties' respective issues presented are reprinted here for convenience.

| Opening Brief. | Answering Brief. |
|---|---|
| 1. Did the district court err in construing ORS 205.470, under Oregon substantive law, to determine that the Oregon legislature intended that only governmental employees be entitled to any relief under ORS 205.450 to ORS 205.470? [Yes]. | Did the district court properly dismiss Staton's state law claim for the recording of an invalid encumbrance? |
| 2. Did the district court err by dismissing plaintiff's claims rather than declaring the rights and liabilities between the parties under the Uniform Declaratory Judgments Act, ORS 28.010 to ORS 28.160? [Yes]. | Did the district court correctly dismiss as moot Staton's claims for declaratory relief regarding the propriety of Defendants' nonjudicial foreclosure efforts? |
| 3. Did the district court err by denying plaintiff's motion to compel discovery and her motion to amend her third amended complaint, but instead exercising discretion to dismiss plaintiff's complaint *with prejudice* notwithstanding its holding that it lacked jurisdiction for want of justiciability?  [Yes]. | Did the district court properly exercise its discretion to finally dismiss Staton's Third Amended Complaint with prejudice? |

Summary of Argument.

Defendants' answering brief implicitly concedes that the district court erred in applying Oregon statutes, but contend that such error is immaterial. Defendants are mistaken.

The district court's error was material. Defendants' answering brief invites this court to determine the meaning of "encumbrance" on the merits, so plaintiff proffers Oregon legislative history, again, from the Excerpt of Record. Defendants' invitation to reach the merits to affirm on other grounds is strongly suggestive that the district court's error was material. In any event, the Uniform Declaratory Judgment Act is not merely a procedural device, but confers a right to a substantial remedy as construed by the Oregon Supreme Court. Lastly, it was profoundly erroneous for the district court to dismiss plaintiff's state claims with prejudice at a time when the district court had already concluded it lacked subject matter jurisdiction under the United States Constitution.

Argument in Reply.

Plaintiff replies to the arguments raised in the *Answering Brief,* and without redundancy from her *Opening Brief*.

A. <u>Staton stated a claim of invalid encumbrance for which relief can be granted.</u>

> **Did the district court err in construing ORS 205.470, under Oregon substantive law, to determine that the Oregon legislature intended that only governmental employees be entitled to any relief under ORS 205.450 to ORS 205.470? [Yes].**

Defendants attempt to restate the issue to avoid reaching the merits of Oregon substantive law under the twin aims of *Erie*. Either the district court erred in applying ORS 205.450 to ORS 205.470, or it did not. Reframing the issue does not correct the district court's erroneous construction of Oregon law.

Plaintiff respectfully submits that the district court erred by refusing to apply ORS 205.470 in the manner in which Oregon case precedent requires. First, because ORS 205.470 is not narrowly tailored to only afford a remedy to state and federal governmental employees. Second, because ORS 205.470 does not require a pleader to conform to any particular pleading requirement. Plaintiff's notice pleading in her Second Amended Complaint was sufficient under FRCP 8(a). Third, because plaintiff went well beyond pleading vague legal conclusions. The tedious recount of plaintiff's specific allegations at *Op. Br.* 24-30 demonstrate that FRCP 8(a) has been satisfied.

    1. <u>District court's error is material</u>.

Defendants' answering brief does not contend that the district court's findings and conclusions are compliant with settled Oregon law. Instead, they urge that the district court's error is immaterial, asking that this court ignore the explicit basis for dismissal. Worse and ironically, defendants also urge this court to reach the merits to determine whether the documents they recorded in the real property record are, or are not, invalid encumbrances. Defendants make no effort to explain

why this court should reach the merits to conclude that the district court did not err when refusing to reach the merits in the first instance.

Defendants rely on *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 875 (9th Cir. 2012); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). As shown below, these cases are unhelpful. And if this court must reach the merits to determine whether the district court erred, it logically follows that the district court's failure to reach the merits was reversible error.

*In re Rigel* was a securities fraud case brought under the Securities Exchange Act of 1934 ("SEA 1934"), other statutory authorities, and rules and regulations promulgated thereunder. The complaint alleged that investors were misled by press releases concerning the outcome of clinical trials by the defendants. This court affirmed the trial court's dismissal for failure to state a claim apart from Rule 12 b(2), which was waived. *Id.* at n. 3. When reciting its standard of review, this court held:

> The decisions of a district court on motions to dismiss are reviewed de novo. *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 989 (9th Cir.2009). We must accept as true all well-pleaded allegations in the complaint. *S. Ferry LP, No. 2 v. Killinger,* 542 F.3d 776, 782 (9th Cir.2008). "If support exists in the record, the dismissal may be affirmed on any proper ground, even if the district court did not reach the issue or relied on different grounds or reasoning." *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998).

*In re Rigel,* 697 F.3d at 875.

This court also observed that the complaint there had to meet the heightened pleading requirements imposed by FRCP 9 **because there had been alleged violations of SEA 1934 section 10(b), [SEC] Rule 10b–5, and the Private Securities Litigation Reform Act ("PSLRA")**. *Id.* at 877.

In *Steckman,* this court observed:

> The district court's order granting Pyramid's motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Cohen v. Stratosphere Corp., 115 F.3d 695, 700 (9th Cir.1997). If support exists in the record, the dismissal may be affirmed on any proper ground, even if the district court did not reach the issue or relied on different grounds or reasoning. Gemtel Corp. v. Community Redev. Agency, 23 F.3d 1542, 1546 (9th Cir.1994). On the other hand, a complaint should not be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir.1997). See Fed.R.Civ.P. 12(b)(6).
>
> In applying this standard, we must treat all of plaintiff's factual allegations as true. Experimental Eng'g Inc. v. United Technologies Corp., 614 F.2d 1244, 1245 (9th Cir.1980). However, we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. In re Stac Electronics Securities Litigation, 89 F.3d 1399, 1403 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1105, 137 L.Ed.2d 308 (1997). "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.1996).

*Steckman,* 143 F.3d 1293, 1295-96 (C.A.9 (Cal.), 1998).

Defendants' assertion that this court can affirm on different grounds is a correct statement of law. However, its application here does not logically follow from defendants' authorities. Neither case stands for the proposition that it is appropriate for a reviewing court to ignore demonstrated legal error in the lower

court's statutory construction, and then proceed to reach the merits in order to affirm for an alleged want of jurisdiction. More plainly, this court should not reach the merits to affirm on a ground which the district court held it that it could not, and must not, reach. After all, the district court concluded that it lacked subject matter jurisdiction.

Defendants' urging that this court reach the merits about what is, and what is not, an "encumbrance" under Oregon statute merely highlights the obvious. There is an actual controversy between these parties concerning the correct application of ORS 205.450 and ORS 205.470.

2. <u>There are no heightened pleading requirements to state a statutory claim for invalid encumbrance</u>.

For the reasons set forth in plaintiff's opening brief, there are no heightened pleading requirements to state a statutory claim for an invalid encumbrance under ORS 205.470.

This court should not determine that defendants' recording of allegedly falsely sworn documents are not compensable under Oregon law, only to affirm the district court's judgment that it lacked subject matter jurisdiction.

3. <u>The term of art "encumbrance" is to be given as broad a meaning as possible to afford a remedy as expressly intended by the Oregon legislature. Staton sufficiently alleged invalid encumbrances to afford a statutory remedy under Oregon law, consistently with proffered legislative history</u>.

The district court ignored plaintiff's submission of legislative history demonstrating express intent that the term of art "encumbrance" must be construed as broad as possible to confer a remedy. Turning to the legislative history submitted to the district court under *State v. Gaines,* 346 Or. 160, 171-173, 206 P.3d 1042 (2009):

> (139) Representative Prozanski: I'm glad to hear that she said that you all are modeling after Idaho, because this is one of the things that I was looking at for mine, I understand we have the criminal, you have one coming up tomorrow on criminal, the penalties too ###, the only thing that I noticed that in looking at the Idaho bill as it actually has been enacted, we are using different terms. Now did we just use like "encumbrance" because that is what our statutes use as compared to using the word "lien" and then defining it that way? I just want to make sure that we are consistent and is going to be as common as language as possible.
>
> (151) AAG Rocklin: Mr. Chair, Rep. Prozanski, Mr. Jordan may have some more specific comments on this but our intent in doing this was not really to get away really from doing what Idaho had done. **But it was just to be more inclusive**. Um to have what I guess a broader word than "lien" so that we weren't limited um. One of the things that we discovered with these type of documents, is you call it a lien today, and when that doesn't work you call it something else tomorrow, and so we were trying to be really have a broad term.
>
> (156) AAG Jordan: Mr. Chair, Rep. Prozanski, yes, that is exactly what we were trying to do. Over time, just once you've figured out that, what they are calling common law liens today, and you circulate that to everybody, and get that one barred, so that no-one will accept that. The next day they call it a

common law encumbrance. Or something else. They are evolving over time, they keep changing the names of the documents, so we wanted to expand it so that it covered every possible um name that they could come up with for the type of document.

(163) Representative Prozanski: **The reason am asking these questions is I want to make sure that the record is perfected as to what we are trying to do, and that it is trying to be as inclusive as we can, and as broad as compared to being limited. Thanks.**

*Excerpt of Record*, Volume III at ER-360.

If this court accepts defendants' invitation to determine the effective meaning of "encumbrance" as intended by the Oregon legislature, then it should thus conclude that the district court erred by determining the controversy was moot. In this circumstance, this court should reverse the district court and remand for further proceedings under ORS 205.450 and ORS 205.470, including imposition of statutory damages and attorney fees.

B. Staton's claims under the Uniform Declaratory Judgment Act are justiciable.

**Did the district court err by dismissing plaintiff's claims rather than declaring the rights and liabilities between the parties under the Uniform Declaratory Judgments Act, ORS 28.010 to ORS 28.160? [Yes].**

Surprisingly, defendants also urge this court to affirm the district court's refusal to reach the merits of plaintiff's state declaratory judgment claim, characterizing the Uniform Declaratory Judgment Act ("UDJA") as mere

"procedure" overshadowed by alleged mootness concerns (created by defendants themselves). That proposition is as self-serving as it is plainly wrong.

Defendants cite no authority for the proposition that either the UDJA generally, or Oregon's adoption of it in particular, was intended only as a procedural device rather than as a substantive remedy. A plain reading of ORS 28.120, and case precedent construing it, are exactly contrary to defendants' legal position.

ORS 28.120 provides (Add.-4):

> This chapter is declared to be remedial. The purpose of this chapter is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and is to be liberally construed and administered.

Defendants' urging that the UDJA is merely a procedural device is exactly contrary to a plain reading of the Act, text in context. ORS 174.010 (*Op. Br.* at Add.-7). *Tillamook County v. State by and through State Board of Forestry,* 302 Or. 404, 413-414, 730 P.2d 1214, 1219 (1987)("The purpose of our declaratory judgment statute is 'to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and is to be liberally construed and administered.' ORS 28.120.").

> The Declaratory Judgments Act is sufficiently broad in its scope and objectives to make the adjudication of the title to real or personal property an

> appropriate subject for a declaratory decree. [citations omitted] * * * A judgment under the Act is not only binding upon the parties to the action in which it is rendered as a conclusive and final determination of their respective rights or status as therein litigated but also carries the same weight as res judicata as would any other judgment when invoked in some subsequent action between the same parties concerning the same subject matter. § 6-601, O.C.L.A.; 16 Am.Jur., Declaratory Judgments, 290, § 16; 2 Anderson, Actions for Declaratory Judgments, 2d ed., 1079, § 459; Borchard, Declaratory Judgments, 2d ed., 438.

*In re Dahl's Estate*, 196 Or. 249, 254, 248 P.2d 700, 702, 32 A.L.R.2d 965 (1952).

Defendants offer no cogent reason why this court should reach the merits on plaintiff's related statutory claim under ORS 205.470 (discussed above) in order to affirm the district court's conclusion that it lacked subject matter jurisdiction. Defendants also plainly ignore plaintiff's challenge to defendants "to detail in appellees' brief any principled, substantive (non-procedural) reason why the forum they chose (district court) should not hear the merits of defendants' intended judicial foreclosure claim." *Op. Br.,* n. 21.

It is both unexpected and ironic for defendants to urge this court to reach the merits in order to affirm "on other grounds" the district's court's failure to reach the merits on an alleged pleading insufficiency, and for an alleged want of subject matter jurisdiction.

Defendants implicitly concede that the district court erred, but they urge affirmance of erroneous dismissal on a ground that the lower court expressly ruled it could not reach for want of justiciability under the United States Constitution.

1. <u>There is an actual controversy between Staton and defendants concerning Staton's statutory claims</u>.

There is an actual, active controversy between plaintiff and defendants. Plaintiff relies on legislative history, detailed above, for the proposition that the term of art "encumbrance" was intended to have the broadest possible meaning to afford a statutory remedy as intended. Defendants rely exclusively on what they believe is a plain meaning of the term in hermetic isolation.

2. <u>Staton's declaratory judgment claims are not mooted by defendants' election to seek judicial foreclosure</u>.

Defendants' election to seek judicial foreclosure at some unknown date in the future, ostensibly again in state court from which this case arose, does not moot the controversy concerning defendants' falsely sworn statements given as a condition precedent to non-judicial foreclosure required by SB 628. App.-13 to -23. The falsely sworn statements remain of record, under penalty for perjury.

3. <u>Staton's declaratory judgment claims are capable of repetition in defendants' subsequent judicial proceedings</u>.

Defendants urge that the capable of repetition doctrine is inapplicable here. It is without serious doubt, however, that defendants' alleged perjured statements have escaped judicial review on the record below, notwithstanding plaintiff's challenges. Without the perjury, defendants would not have had standing to pursue non-judicial foreclosure following enactment of Senate Bill 628 (2009).

C.     The district court erred by dismissing plaintiff's claims after determining it lacked subject matter jurisdiction under the United State Constitution.

Defendants draw a distinction between jurisdiction based upon a *federal question* and *diversity,* in attempting to distinguish *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). The attempted distinction is without a difference. The question remains: once a court determines that it lacks jurisdiction for want of a federal question or for want of an actual controversy under the United States Constitution, may that same court proceed to prejudice a party's rights in the absence of such judicial power?

With all respect, the answer remains no. Either a court has judicial power to declare the rights and liabilities between the parties before it, or it does not. Having decided that the controversy between plaintiff and defendants were mooted by defendants' stated intention to seek judicial remedies in the state court from which this case sprung for diversity, it was error for the district court to prejudice plaintiff's rights in its next breath—for alleged want of an actual controversy. And as set forth in plaintiff's *Op. Br.* at 35-37, the district court violated FRCP 41 (a) and (b) by dismissing plaintiff's complaint with prejudice after determining that it lacked jurisdiction.

CONCLUSION.

The district court dismissed plaintiff's claims with prejudice, likely because it grew tired of defendants' incessant motions repeatedly filed by one of the largest banks in the world.

The district court profoundly erred by (1) refusing to apply ORS 205.450 to ORS 205.470 consistently with published Oregon case precedent, (2) by refusing to declare the rights and liabilities between plaintiff and defendants under Oregon's adoption of the Uniform Declaratory Judgments Act, and (3) by prejudicing plaintiff's right to seek further relief—in defendants' intended subsequent forum—when such court had already determined that it lacked subject matter jurisdiction.

*/s/ Russell L. Baldwin*

Russell L. Baldwin, OSB 891890
Attorney for Plaintiff
PO Box 1242, Lincoln City, OR 97367
Email: Baldwin_atty@embarqmail.com
Cellular: 541.992.4254

# FORM 6.  CERTIFICATE OF COMPLIANCE WITH RULE 32(A).

Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements.

1.	This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,125 words, excluding parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft ® Word ™ Version 14.0 (32 bit) in 14 point font size in Times New Roman, *or*

  (s) *Russell L. Baldwin,* OSB 891890
Attorney for Plaintiff
Dated February 23, 2015

## CERTIFICATE OF SERVICE
When All Case Participants Are Registered for the
Appellate CM/ECF System

I hereby certify that on February 23, 2015, I caused the foregoing
Reply Brief to be electronically filed with the Clerk of the
Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Russell L. Baldwin,* OSB 891890
Russell L. Baldwin
Attorney for Appellant